Good morning, Your Honors. May it please the Court, my name is Sean Perdomo and I represent the petitioner in this case. I would like to reserve three minutes for rebuttal. This case presents two issues, Your Honor. Those are exhaustion and whether the BIA abused its discretion by failing to consider intervening, binding precedent, and governing regulations when adjudicating her appeal. The main issue with the exhaustion argument is that the BIA was on notice, within the notice of appeal, that there was a statutory defect within the notice to appear sufficient that it could correct its own errors. At the time that the BIA issued its decision in 2025, there were subsequent board precedents from the issuance of the notice of appeal in 2021 that addressed what the proper remedy would be to be applied by the immigration judge had this been brought to the immigration judge's attention. Nowhere in the government's briefing on appeal here or before the Board of Immigration Appeals did it raise the issue of exhaustion. This is important because as the Second Circuit has held, which is persuasive precedent here in Ojo v. Garland, when the BIA addresses an issue that was not addressed within the petitioner's brief nor raised by the government, the issue is considered exhausted because the BIA has addressed the issue and had an opportunity to correct its own errors. All right. I mean, you're referring to this issue of whether the notice to appear was statutorily compliant? Yes, Your Honor. The issue of whether it was statutorily compliant was addressed by the Board of Immigration Appeals, so it was exhausted. So this court can review the Board of Immigration Appeals decision. Whether it abuses discretion is a secondary issue, and it abuses discretion by failing to apply its own precedent in matter of Fernandez. So how did the BIA err then? I mean, they did address the jurisdictional aspect of your argument, and that is exhausted, but that argument fails under precedent. So what else do you have on this? Well, we have the claims processing rule violation, Your Honor, as this court has adjudicated in United States v. Bastide-Hernandez that this is purely a claims processing issue. These precedent came out after the notice of appeal having been filed in 2021 when the law was still in flux. At the time that the notice of appeal was filed, it was unclear whether or not the violation was a jurisdictional violation or a claims processing issue violation. In Suante Oriana, which is a very closely related case to this, there was enough information there to put the BIA on notice that there was a statutory defect in the notice to appear such that it had to remedy it. Just like in this case, there was no, the BIA did not address it, nor did the immigration judge. It was a romantic thing. And I think the issue the government would say is, you know, well, they didn't address it because it wasn't really put forward. What was put forward was a jurisdictional theory, and they did address that. Correct, Your Honor. That is correct. However, within the brief submitted to the BIA, there was not only an allegation that it violated the statutory definition of a notice to appear having to affect its jurisdiction, but it was also brought up in the context of the one-year bar for the asylum application. In the brief that was submitted to the BIA, it was asserted that because of the statutory defect in the notice to appear, it affected the Petitioner's ability to file her asylum application within one year of her arrival to the United States. So it wasn't just raised as a jurisdictional argument. Where is that discussed? In the BIA brief? Yes. That is discussed in the BIA brief. And that, Your Honor, is located at page 18 of the record, and it's at the top of the page. Although it doesn't have its own separate heading, it is mentioned otherwise to show how it affected the proceedings below. And this is important because, just as in Suwate, Ariana, which is closely related to this case, what was raised in the briefing below was that there was a deficiency in the notice to appear in that it violated the statute. And they said in that case, this Court said that that was sufficient to put the BIA on notice of the error and to correct it. And here, moving on to the abuse of discretion argument, the BIA abused its discretion because it acted arbitrarily, capriciously, and contrary to law by ignoring its own precedent in this case, such as Matter of Fernandez, that addresses whether a potential remedy could be addressed by a violation of the claims processing rule violation. What do you hope to get out of this? You know, if it gets remanded on this basis, what do you think you can achieve? Well, that's for the BIA to decide, Your Honor. They don't have any precedent, particularly on this, on what the remedy would be in this particular instance, because it's a case-by-case evaluation that's left to the discretion of the immigration judge. And when the immigration judge determines what remedy is appropriate, it determines the nature of the violation in relation to... But what do you think is even the range of possibility? Because it's, you know, if the argument and the big argument people were making was, well, this deprived the IJ of jurisdiction, well, if true, that would be significant. But if it's just claims processing, what do you think you can reasonably obtain as a result of that claim violation? Well, the judge, immigration judge, could apply 8 CFR section 1003.18, paragraph D, and it could consider termination on a discretionary grounds or as mandatory. So there's elements here that would, the immigration judge would go through to determine whether or not to terminate the case. But aside from termination, if this case is remanded back to the immigration judge, there were also assertions raised in the Notice of Appeal that there were alternate forms of relief that were available to the petitioner that she could take advantage of, such as pre-conclusion voluntary departure or post-hearing voluntary departure. In six days, it's of note that she will be prima facie eligible for cancellation of removal for non-permanent residence because her, in six days from today's date, since the top time rule was not triggered, she will have the requisite 10 years of continuous physical presence. So on remand, Your Honor, to answer your question, there's relief that's, there's possible relief that's available to her right now, as well as within six days from now, if it were to be remanded back. And also the immigration judge can consider whether or not termination is appropriate under H.C.F.R. Section 1000, 3.18, paragraph D. It's worth noting, Your Honor, that when the BIA made this decision in 2025, this regulation existed. It was enacted as a final rule in 2024. It did not at all address whether or not the claims processing rule violation fit within the immigration judge's authority to terminate the case. That's one of the assertions that we're making that the BIA abuses discretion in not considering the regulation, as well as Matter Fernandez and Matter of RTP, which came out this year in 2025, describing what remedies the immigration judge himself or herself could apply by writing in the actual time and date of the hearing. So there are a range of things that the immigration judge, as well as the BIA, can do if this case is remanded back, Your Honor. It's worth noting also that under Matter Fernandez, there doesn't need to be a showing of prejudice in order to have a remedy under the claims processing rule violations. And that is because it is mandatory. The word is shall within the regulation that describes when the immigration judge's jurisdiction shall commence upon the filing of a notice to appear in the court under the regulations. So those are the two arguments that we're making here, Your Honor. And if there are no further questions, I'd like to balance up my time for rebuttal. Sure. Thank you. Mr. Gannon, good morning. May it please the court. Good morning. Peter Gannon for the Attorney General. Despite being able to allege a claim processing error regarding her notice to appear in five years of proceedings before an immigration judge and another four years before the board, all with the same counsel who still represent her, and during which the Supreme Court, this court and the board issued numerous decisions about NTAs, Petitioner did not make any claims processing argument regarding her NTA to either the immigration judge or the board. Therefore, the board did not abuse its discretion in addressing only the narrow jurisdictional argument the petitioner did present to it. And Umana Escobar, not to Oriana, instructs the court on how to dispose of any claims processing challenge the NTA presented here to deny it as unexhausted. Specifically to address the issue in the petitioner's brief to the board that Petitioner's counsel raised here regarding the Mendez Rojas settlement. It is true that she indicated in that portion of her argument that the NTA lacked a date and time. But that allegation is not enough to have exhausted what he just presented as possible remedies for her. It certainly would have, you know, presented something regarding the one-year filing bar, but the board did not openly rely on that issue in deciding her case. And so there is no reason that that allegation in her brief should change the exhaustion determination. How about Swatay? I mean, the argument is made that this is close or, you know, analogous to Swatay in terms of what was said in the notice of appeal to the BIA. And so for that reason, it's the BIA just should have addressed it. Certainly, Your Honor. And in this case, it's just fundamentally different from Swatay. In Swatay Oriana, the petitioner there filed a motion to reconsider with the immigration judge, alleging a statutory defect in the NTA that allegedly resulted in a lack of jurisdiction. After the immigration judge denied that motion, the petitioner took it to the board and again alleged a statutorily deficient NTA causing a lack of jurisdiction. Counsel, can you tell me why specifically the language shouldn't be treated by us as basically the same? Because in Swatay, they said as a result of the statutory deficiency, they lack jurisdiction. And in Cruz Oriana said based on that, that they are lacking jurisdiction. Why isn't it the same language that that we and we should treat it the same as as they did in Swatay? Certainly, Your Honor, the language does basically appear similar, but there's a lot of context that language that speaks to the issue. In Swatay Oriana, again, it was presented to the immigration judge. It was a motion that was filed promptly after Pereira. So jurisdiction was the reasonable argument to be made. And it was presented then to the board the same way after having been ruled on by the immigration judge. The petitioner here made no such challenge at any point in front of the immigration judge. And so like in Imana Escobar, the only challenge she could make to the board sounded in jurisdiction. But why should why should why shouldn't we just send it to the BIA and at least have them be required to consider whether the petitioner raised the claim in the first instance and not this court? So I think, Your Honor, if you think Swatay Oriana and the language there is enough to do that, that means that the panel in Swatay Oriana overruled Imana Escobar, which are the facts of this case, more or less. They're actually, you know, less favorable to this petitioner because she had a lot of case law while she was before the board and immigration judge. For simply the similarity of the language to make this Swatay Oriana would overrule the holding in Imana Escobar, which the panel there couldn't have done. Because if you look to Imana Escobar, that petitioner, like this one, didn't challenge it in front of the immigration judge and so raised as a jurisdictional issue to the board that the EOIR lacks jurisdiction over the proceedings. And the board solely disposed of that jurisdictional issue just like it did here. In Swatay Oriana, the board, besides jurisdiction, also tried to say, well, the NTA plus the notice of hearing got us to a statutorily compliant NTA, so on the merits it's not an issue. That's not what the board did here. The board didn't look to anything about the statutory deficiency of the NTA. The board solely ruled on the jurisdictional issue that she presented, which was explicitly in the NOA condition on Ms. Chavez impacting this court and the board's precedent, one of which was the board decision in Rosales-Vargas, which said that it was a claim processing rule. That decision issued in January of 2020, more than a year before her March 2021 merits hearing. She and her counsel were on notice that if they wanted to make any challenge, they should do it as a claims processing rule at any point prior to her individual hearing. They declined to do so, which again means that the only issue she could raise to the board was jurisdiction. It was the same last-ditch effort as in Amana-Escobar, and the board disposed of it the same way, and therefore, any claims process. I mean, don't we need to decide if it was exhausted or not? Because if it was not exhausted and the government has objected, then it's mandatory that we have to reject it. But if it was exhausted, then it was exhausted. But I don't see, I'm wondering from your perspective, is it possible to essentially send it back to the BIA to decide whether it was exhausted? No, Your Honor. Exhaustion is an issue for this court to decide, and while I believe the respondent's brief indicated that Suaté-Oriana was distinguishable and that therefore the issue was not exhausted, to the extent that the District Counsel says that we're raising it, I will now clearly object that this issue was not exhausted before the board. What is your perspective on what a petitioner like this in this situation could achieve before the agency on the claims processing violation, even assuming it was preserved? So I think, actually, it would be helpful to think of it starting from when she was in front of the immigration judge. She appeared with an attorney in April 2018 and concerned service to the MTA and invented conceded charges, the I.J. Sustained Removability. That summer, Pereira was decided. She could have gone back to the judge and said at that point, there's a Pereira issue. In January 2020, like I said, Rosales Vargas came out from the board. But what could she get? What could she obtain? What kind of relief could she obtain? Theoretically, at that point, the immigration judge could have figured out whether something was appropriate. Certainly under the board's intervening case law, the most appropriate thing would probably just be to fix the notice of hearing and proceed with her removal proceedings. I don't think anything else would be appropriate. But like she says, that would have had to have been decided on a case-by-case basis. And she never presented it to the immigration judge. While her appeal was pending before the board and further decisions were issued, including this court's investee, Hernandez, she could have filed a motion to remand saying, look, there's been development on this issue. I should be allowed to explain to a judge why there was a claims processing violation. She never did so. She only raised the jurisdictional bar in her notice of appeal, which she later abandoned in her brief to the board because by that point, this court had said that Ms. Chavez didn't change the issue. So for now, her to try to do something else to say, oh, well, even though I didn't exhaust this before the board, there's something I could have done, is foreclosed by the statute and exhaustion. But in Suarte-Oriano, the notice of appeal only raised the jurisdictional issue. That's correct, Your Honor. However, it did so... Let me quote. The issue presented is whether the holding by the Supreme Court, under the holding by the Supreme Court, the IJA was required to terminate proceedings for lack of subject matter jurisdiction. It doesn't raise the claims processing. You're absolutely right, Your Honor. Just like Judge Mendoza pointed out, the language is facially similar. I believe the context of how the issue had been presented to the immigration judge and was then renewed before the board, as well as intervening case law about how it is in fact claims processing rule, led to the court's decision in Suarte-Oriano. Again, if just the language was enough to get to exhausting the issue, then Imana Escobar was wrong. Because Imana Escobar was the same as this case, where the petitioner, in years of litigation for an immigration judge, said nothing about her NTA, and then raised solely a jurisdictional argument for the board, because that was the only issue that could be raised to the board. I absolutely agree. The language is facially similar, but I think the language itself... But if we're saying, it's rather difficult to write a decision saying, this case is different or distinguishable from Suarte-Oriano because of context, then that doesn't give any future panel any guidance on how to handle this issue. And I think, Your Honor, you can look to Imana Escobar and the facts of this case to resolve any difference between Imana Escobar and Suarte-Oriano. Again, if Suarte-Oriano simply held that language gets you there, then Imana Escobar was overruled, and it couldn't have meant that. I think Suarte-Oriano really did hinge on that context. If there are no further questions, Your Honors, again, the issue was not exhausted before the board, despite her having plenty of opportunity to do so. Imana Escobar controls, not Suarte-Oriano. Okay, thank you. Thank you, Your Honor. Just a few brief points. I'd like to point the Court to page 630 of Suarte-Oriano. In there, it says, on this record, we find that Suarte-Oriano provided the agency an adequate opportunity to pass on the issue because she exhausted it in that it was statutorily deficient. She had raised the issue with regard to the NTA being statutorily deficient because she said it was not a notice to appear under Section 1229, paragraph A, paragraph 1. So the way that I read Suarte-Oriano is if there's sufficient information for the BIA to determine that, I'm trying to point out that there is an issue with this notice to appear, either because it violates the regulations or because it violates the statute, that there has to be a remedy for that. The BIA simply chose to focus on the jurisdictional characterization in the notice of appeal to dispose of the issue. Well, what about the fact that in Suarte, there was a whole brief that got into all these issues and the Court in Suarte discussed that, that it wasn't just the notice of appeal. It was all these other things and it was extensively argued according to the panel decision in the briefing. I understand that, Your Honor. And the Ninth Circuit, because I've briefed significantly on this issue, has not come down definitively like the Second Circuit has in a case called Ojo v. Garland 25F.4, 152 at 160. And that is where the Board of Immigration Appeals addresses an issue, whether or not it's raised by the petitioner below or the government, the issue is considered exhausted because the purpose of the rule is for the BIA to correct its own errors, which here it did. So the issue under the Second Circuit would at least be that it was exhausted because the BIA raised it on its own, regardless of whether or not there was a brief that was  Raised what on its own, right? I mean, that's the problem is that in the BIA clearly conceived of this as a jurisdictional argument. That's probably why it addressed it at all when it wasn't even raised in the briefing because it viewed it as a matter of its own jurisdiction. The Court doesn't usually go out and talk about something that's not raised in the briefs unless it's jurisdictional. That seems to be likely what happened here. And so it's tough to fault them for having raised it and responded to what seems apparent on the notice of appeal. And then to say just from that they didn't reach something else that was not apparent. Your Honor, it looks like I've run out of time to answer the question. Well, to answer your question very quickly, Your Honor, well, the other part of this is whether or not the BIA views this discretion or it has a body of case law that addresses now what to do in this instance to provide a remedy. That is where there is an issue. So the issue was brought to the BIA's attention at the time the notice of appeal was filed in 2021. The law was not clear. There were several cases from this Court as well as from their BIA that addressed what would happen if there was a regulatory violation, whether that impacted jurisdiction given this Court's decision in Karangithi. And then United States v. Bastide-Hernandez, this Court clarified that a violation of the statute did not affect jurisdiction. So while all of this litigation was occurring, whether or not the regulation was violated or the statute violated, how that would affect the outcome of the proceedings, that was all in flux. And the BIA was on notice of this. They knew of all of this case law, but they refused to apply it in 2025 by merely addressing the jurisdictional argument as it was raised in 2021 before all of these cases came out. And with that, Your Honor, unless you have any further questions, I submit. Thank you very much. We thank both counsel for the briefing and argument. This case is  Thank you, Your Honor.
judges: THOMAS, BRESS, MENDOZA